IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| CARLOS L. BORDEN, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| HOME CABLE CONCEPTS OF TENNESSEE, INC., et al., | ) | 96-PWG-3253-NW |
| Defendants. | ) | |

ENTERED
FEB 14 1997

## MEMORANDUM OPINION

Plaintiffs, Carlos L. Borden and Darlene Borden, have filed a motion to remand this action to the Circuit Court of Franklin County. Defendants have filed their response to the motion to remand.

Plaintiffs originally filed this action in the Circuit Court of Franklin County, Alabama. The named defendants are Home Cable Concepts of Tennessee, Inc. (HCC); Bank One, Dayton, N.A.; and Bill Junior.[1] Plaintiffs allege that on September 2, 1995, Bill Junior made an unsolicited visit to their home to sell them a satellite television system. He stated the cost would be approximately $4,000 and that HCC would finance the purchase at 12 percent interest. It is also alleged Junior told the Bordens that the system would be paid off in five years with monthly payments of

---

[1] Plaintiffs also name John Doe as defendants.

$60. No documents indicating the effective interest rate were provided to the Bordens. Shortly after the purchase, plaintiffs received a Bank One credit card in the mail. They aver they were unaware of the purpose of the card and were never told that they would be given a credit card. Despite making $60 monthly payments, the Bordens aver they still owe approximately $4,000 on the system. They also allege that in October 1996 the interest on their credit card statement was shown to be 17 percent.

Plaintiffs allege that defendants fraudulently misrepresented to the Bordens that HCC would finance the purchase at 12 percent, that the loan would be paid off in five years with $60 monthly payments, and that the HCC loan was a closed-end loan rather than an open-end credit plan. They also allege defendants fraudulently suppressed the facts of the transaction, the interest rate, and the nature of the credit extended to them.

Plaintiffs further allege that defendants combined and conspired to cheat and defraud plaintiffs, and that HCC negligently or wantonly trained and supervised Junior. The summons and complaint were filed in state court on November 12, 1996. HCC was served on or about November 16, 1996; Bill Junior was served on November 25, 1996.

On December 16, 1996, HCC filed a Notice of Removal, contending that the plaintiffs' claims actually arose under the

2

Federal Truth in Lending Act and Regulation Z, 15 U.S.C. §§ 1601, et. seq., and 12 C.F.R. §§ 226.1, et. seq. HCC averred that plaintiffs' claims that they were not provided documents showing the interest rate, were not told the interest rate was 17 percent, were not advised that the plan was an open-end credit plan rather than a closed-end loan, and that they would be able to pay off the loan in five years with $60 monthly payments, are in fact Truth In Lending Act (TILA) claims. It is argued that despite the well-pleaded complaint rule, the plaintiffs are trying to avoid federal jurisdiction by failing to cite applicable federal law as the basis for their claims. Subsequent to the filing of the Notice of Removal, Bank One filed its consent to the removal. To date, Bill Junior has not consented to the removal.

In their motion to remand, the Bordens contend that the removal was defective because not all defendants timely joined in the notice of removal. Specifically, they aver that Bill Junior did not file his consent to removal within 309 days of the service of the summons and complaint on him; therefore, the action is due to be remanded on that ground.

Plaintiffs also contend that this court lacks subject matter jurisdiction because they have asserted only state law claims and have not included any claims pursuant to the Truth in Lending Act. Plaintiffs assert that the Truth in Lending Act does

3

not completely preempt the law relating to financial transactions; therefore, the action is also due to be remanded for lack of jurisdiction.[2]

### Discussion

A defendant may remove a state court civil action to a federal court if the pending action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Under the well-pleaded complaint rule, a court must look to the face of the complaint to determine whether a claim "arises" under federal law. *Caterpillar, Inc. V. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). A plaintiff may avoid federal jurisdiction by "exclusive reliance on state law." *Id.* Removal jurisdiction is not present simply because the plaintiff could have asserted a federal claim instead of or in addition to the state claims presented. *Merrill-Dow Pharmaceuticals Inc. V. Thompson*, 478 U.S. 804, 809, n.6, 106 S.Ct. 3229, 3233, n.6, 92 L.Ed.2d 650(1986).

In deciding a motion to remand where the parties disagree on the presence of federal jurisdiction, questions or doubts are to

---

[2] It is noted that the plaintiffs are Alabama residents, HCC is a Tennessee corporation, Bank One is an Ohio corporation, and Bill Junior is an Alabama resident. Therefore, complete diversity of citizenship is lacking.

4

Pg

be resolved in favor of returning the matter to state court. *Burns v. Windsor Insurance co.*, 31 F.3d 1092, 1095(11th Cir.1994).

An exception to the well-pleaded complaint rule exists if the area of the state law claim asserted in the complaint has been "completely preempted" by federal law. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. At 2430. HCC and Bank One contend that TILA preempts any state law claims regarding consumer credit transactions.

The Supreme Court has found "complete preemption" of state law claims only in relation to the Labor Managements Relations Act of 1947 and the Employee Retirement Income Security Act of 1974. *See Avco Corporation v. Arrow Lodge No. 735*, 380 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Metropolitan Life Insurance company v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). TILA does not displace state law claims, nor is there "any other manifestation that Congress intended preemption." *McCrae v. Commercial Credit Corporation*, 892 F.Supp. 1385, 1386-87 (M.D. Ala. 1995); *See also Walker v. Commercial Credit Corporation*, 192 B.R. 260 (M.D. Ala. 1996); *Anderson v. Household Finance Corporation of Alabama*, 900 F.Supp. 386 (M.D. Ala. 1995); *Alexander v. Goldome Credit corporation*, 772 F.Supp. 1217 (M.D. Ala. 1991); *Bastrop Loan Company, Inc. V. Burley*, 392 F.Supp. 970, (W.D. La. 1975). Under this persuasive case authority, the court concludes that

plaintiffs' motion to remand is due to be and is hereby GRANTED and this action is hereby REMANDED to the Circuit Court of Franklin County, Alabama.

In the alternative, the court notes that defendant Bill Junior has never filed a consent to the removal of this action to federal court. Title 28 U.S.C. § 1446(b) requires that all defendants join in the notice of removal. *Chicago, R.I. & P.R. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *In re Federal Savings & Loan Insurance Corporation*, 837 F.2d 432, 434, n.2 (11th Cir. 1988); *Tri-Cities Newspapers, Inc. V. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970). However, nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal. *Tri-Cities Newspapers, supra.* Section 1446(b) provides that all defendants have 30 days after receipt of service within which to petition for removal. It is noted that "the joinder requirement of Section 1446 is satisfied where one defendant files a singular removal petition, if all defendants served on or before the filing of that petition thereafter timely file either their own removal petitions or their joinder in or consents to the original petition." *Miami Herald Publishing Company v. Ferre*, 606 F.Supp. 122 (S.D. Fla. 1984); *Albanetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825, 828 (S.D. Tex. 1981).

6

Because Bill Junior has not filed his own removal petition or consented to the removal petition filed by HCC and consented to by Bank One, the procedural requirements of 28 U.S.C. Section 1446 have not been met. The court finds that Bill Junior is neither a nominal nor a formal party whose consent to removal is unnecessary. Therefore, on the alternative basis that the procedural requirements of section 1446(b) have not been met, plaintiffs' motion to remand is due to be and is hereby GRANTED.

By separate order, this action shall be REMANDED to the Circuit Court of Franklin County, Alabama.

DONE this _____11th_____ day of February, 1997.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON